UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON MCDONALD INDIVIDUALLY & AS PERSONAL REPRESENTATIVE OF ESTATE OF JOHNNIE MCDONALD, DECEASED | CIVIL ACTION |
| VERSUS | NO. 16-15975 |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | SECTION "R" (3) |

## ORDER AND REASONS

Defendant Kansas City Southern Railway Company ("KCS") moves under Rule 12(b)(6), or alternatively for summary judgment, to enforce a settlement agreement with plaintiff Sharon McDonald, individually and as the personal representative of the Estate of Johnnie McDonald.[1] Because McDonald agreed to settle her claims for $135,000, the Court grants defendant's motion for summary judgment.

## I. BACKGROUND

Plaintiff alleges that Johnnie McDonald, her late husband, worked as a diesel mechanic and laborer for defendant KSC from 1970 to 2005.[2]

---

[1] R. Docs. 9 at 1, 9-1 at 1.
[2] R. Doc. 1 at 1-2.

1

Plaintiff further alleges that during that time, defendant negligently exposed Mr. McDonald to various carcinogenic or toxic substances, ultimately causing his premature death from lung and colon cancer.[3]

On October 7, 2015, plaintiff sent an email to a KSC employee demanding ten million dollars as compensation for the loss of her husband and the suffering he endured as a result of his exposure to harmful substances while working for KSC.[4] On November 10, 2015, the KSC employee emailed plaintiff to say:

> This is to confirm our telephone conversation today (Nov. 10, 2015) and our verbal agreement to settle Mr. Johnnie L. McDonald's claims regarding alleged career exposure and/or injury and "all claims" related to Mr. McDonald's employment with the Kansas City Southern Railway Company (KCSR) for a gross amount of $135,000.00.[5]

Plaintiff replied on November 2, 2015 by email stating: "This is an acknowledgement of receipt of the proposed settlement of $135,000.00 in which I accept."[6] The KSC employee responded that written documents reflecting the settlement would be sent to plaintiff for her signature.[7]

---

[3] R. Doc. 1 at 2-4.
[4] R. Doc. 9-2 at 2.
[5] R. Doc. 9-3 at 2.
[6] R. Doc. 9-4 at 2.
[7] R. Doc. 9-3 at 2.

Plaintiff did not sign any documents, but rather, after about two months, attempted to reject the settlement.[8]

On October 31, 2016, plaintiff sued defendant seeking recovery under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 (2012), personally and on behalf of her deceased husband.[9] Defendant now moves to dismiss plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff entered into a binding settlement agreement that bars plaintiff's suit.[10] Plaintiff responds, and argues in part that defendant's motion should be converted to a motion for summary judgment, and plaintiff should be given additional time for discovery.[11]

## II. LEGAL STANDARD

### A. Converting to Motion for Summary Judgment

In considering a motion to dismiss for failure to state a claim, a court must typically limit itself to the contents of the pleadings, including their attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "If, on a motion under 12(b)(6) or 12(c), matters outside the

---

[8] R. Doc. 10-1 at 2.
[9] R. Doc. 1 at 4.
[10] R. Doc. 9.
[11] R. Doc. 10.

3

pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).[12] But uncontested documents referred to in the pleadings may be considered by the court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (finding that the district court properly considered documents not attached to the complaint in ruling on a Rule 12(c) motion). A court also may consider documents attached to a motion to dismiss without converting it to a summary judgment motion if the documents are referred to in the complaint and are central to the plaintiff's

---

[12] For further explanation of what constitutes "matters outside the pleadings," see 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.):

> Most federal courts . . . have viewed the words "matters outside the pleading" as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings. Memoranda of points and authorities as well as briefs and oral arguments in connection with the motion, however, are not considered matters outside the pleadings for purposes of conversion. The same is true for various types of exhibits that are attached to the pleading, matters of which the district court can take judicial notice, and items of unquestioned authenticity that are referred to in the challenged pleading and are "central" or "integral" to the pleader's claim for relief.

claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).

In its motion to dismiss, defendant asks the Court to consider several emails purporting to show that plaintiff entered a binding settlement agreement. The materials attached to defendant's 12(b)(6) motion are not referred to in plaintiff's complaint. When a party bases a motion to dismiss on matters outside the pleadings, the court has discretion either to accept the extraneous material and convert the motion to dismiss into a motion for summary judgment, or to decide the motion, as defendant styled it, under the principles of Rule 12(b)(6). *See Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 194 (5th Cir. 1988) (recognizing district court's options); 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1366 (3d ed.) ("[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider.").

The Court finds that conversion to summary judgment will "facilitate the disposition of the action" by allowing the Court to resolve the question of whether a binding settlement agreement was reached. *See* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1366 (3d ed.) (recognizing that a district court

5

is likely to accept extra-pleading material and convert a motion to dismiss into a motion for summary judgment when the material is comprehensive and will enable a rational determination of a Rule 56 motion); *Woods v. City of Galveston*, 5 F.Supp.2d 494, 497 (S.D. Tex. 1998). Therefore, the Court will consider the email exhibits attached to defendant's motion as matters outside the pleadings and convert defendant's 12(b)(6) motion into a motion for summary judgment.

If a motion to dismiss is converted into a motion for summary judgment, the "nonmovant is entitled to the procedural safeguards of Rule 56." *Isquith*, 847 F.2d at 195 (citation omitted). One of these safeguards is that "[t]he motion shall be served at least ten days before the time fixed for the hearing." Fed. R. Civ. P. 56(c). In other words, the nonmovant must have notice and at least ten days before summary judgment is rendered to submit additional evidence in opposition. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). The court need not explicitly inform the nonmovant that the motion will be converted; it is sufficient that the nonmovant have notice that the court *could* consider material outside of the pleadings. *Isquith*, 847 F.2d at 195-96.

Here, the requirement has been satisfied. Plaintiff received notice that the court could consider material outside the pleadings when defendant

submitted exhibits with the motion to dismiss. *See Isquith*, 847 F.2d at 195-96. Plaintiff submitted a response ten days later, and the submission date for the motion was another thirteen days after that.[13] Plaintiff has been on notice that the Court could consider material outside the pleadings for more than the required ten days, satisfying the procedural safeguards accompanying a motion for summary judgment.

### B. Summary Judgment

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision*

---

[13] *See* R. Docs. 9 at 2, 10-1 at 9.

*Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the movant will bear the burden of proof at trial, the movant "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

### C. Time For Discovery

Plaintiff requests additional time for discovery. Federal Rule of Civil Procedure 56(d) governs requests for additional time for discovery before consideration of a pending motion for summary judgment. It permits a district court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the party seeking to continue a motion for summary judgment to obtain further discovery must demonstrate (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989

9

F.2d 1435, 1442 (5th Cir. 1993). In other words, the plaintiff must identify specific facts, susceptible of collection, and indicate how those facts "'will influence the outcome of the pending summary judgment motion.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby*, 600 F.3d at 561)).

Plaintiff does not identify what specific facts she seeks, much less explain how those unspecified facts will influence the outcome of KCS's summary judgment motion. Plaintiff's desire for additional information, without more, does not warrant a continuance under Rule 56(d). Rule 56(d) "does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [value]." *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997) (internal quotation omitted); *see also Jason v. Parish of Plaquemines*, No. 16-2728, 2016 WL 4623050, at *4-5 (E.D. La. Sept. 6, 2016) (denying plaintiff's request to defer consideration of motion for summary judgment because plaintiff gave "nothing more than a 'speculative hope' that discovery might provide plaintiff with information supporting his claims") (quoting *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1567 (Fed. Cir. 1987)).

Additionally, even if plaintiff's motion did specifically identify facts that would affect the outcome of the pending summary judgment motion,

Rule 56(d) requires that plaintiff make this showing by *affidavit or declaration*. Plaintiff's failure to attach such an affidavit is sufficient grounds to deny her motion. *See Scotch v. Letsinger*, 593 F. App'x 276, 278 (5th Cir. 2014) ("Because Scotch did not submit either an affidavit or a declaration, the district court did not err in denying Scotch's request."); *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012) (affirming denial of Rule 56(d) motion because movant did not present affidavit or declaration); *see also Sandusky Wellness Ctr., LLC v. Medco Health Sols, Inc.*, 788 F.3d 218, 226 (6th Cir. 2015). Accordingly, plaintiff's request for additional time for discovery is denied.

### III. DISCUSSION

"The right to trial by jury is a basic and fundamental feature of our system of federal jurisprudence and [the right] is part and parcel of the remedy afforded railroad workers under [FELA]." *Dice v. Akron, C. & Y. R. Co.*, 342 U.S. 359, 363 (1952) (internal quotations omitted). Nonetheless, the Court has the inherent power to recognize, encourage, and enforce settlement agreements reached by the parties. *Bell v. Schexnayder*, 36 F.3d 447, 449-50 (5th Cir. 1994) (citing *CIA Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35-36 (5th Cir. 1967)). Accordingly, a FELA plaintiff is

free to settle and release her claims rather than proceed to trial. *See, e.g., Maynard v. Durham & S. Ry. Co.*, 365 U.S. 160, 161 (1961). The "validity of releases under [FELA] raises a federal question to be determined by federal rather than state law." *Id.*; *see also Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) ("Questions regarding the enforceability or validity of [settlement] agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law.").

Under federal law, settlement agreements and compromises are contracts. *Guidry v. Halliburton Geophysical Services, Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). The interpretation of an unambiguous contract, whether written or oral, is a question of law. *Id.* Courts accord the words of an unambiguous contract their plain meaning. *Roberts v. Williams–McWilliams Co., Inc.*, 648 F.2d 255, 264 (5th Cir. 1981). A determination that a contract is ambiguous a question of law. *Guidry*, 976 F.2d at 940. Although the validity of federal settlements must be determined under the federal law of settlement agreements, that law is "undeveloped" and "largely indistinguishable from general contract principles under state common law." *In re DEEPWATER HORIZON*, 786 F.3d 344, 354 (5th Cir. 2015).

Accordingly, treatises and state contract law cases are instructive in interpreting purported settlements of federal claims. *Id.*

A binding agreement exists only when there is a manifestation of mutual assent, which ordinarily takes the form of an offer and its acceptance. Restatement (Second) of Contracts § 22 (Am. Law Inst. 1981); *E.N. Bisso & Son, Inc. v. World Marine Transport & Salvage*, 1996 WL 28520, *3 (E.D. La. 1996) ("It is indisputable that, after an offer is made, a voluntary expression of assent by the offeree is all that is necessary to create a contract."). Whether the parties intended to and did enter into a contract is generally an issue of fact. *Scaife v. Associated Air Center, Inc.*, 100 F.3d 406, 410 (5th Cir. 1996) (applying Texas law); *Caseilles v. Taylor Rolls Royce, Inc.*, 645 F.2d 498, 502 (5th Cir. 1981) (applying Florida law). But where, as here, the parties' writings are purported to embody a binding agreement, then "the question of whether an offer was accepted and a contract was formed is primarily a question of law for the court to decide." *Scaife*, 100 F.3d at 410.

The uncontroverted facts confirm that plaintiff entered into a binding settlement agreement with KCS. A KCS employee emailed plaintiff to "confirm" the parties' "verbal agreement to settle Mr. Johnnie L. McDonald's claims regarding alleged career exposure and/or injury and 'all claims'

13

related to Mr. McDonald's employment . . . for a gross amount of $135,000.00."[14]  Plaintiff responded: "This is acknowledgment of receipt of the proposed settlement of $135,000.00 in which I accept."[15]  This written communication evinces the manifestation of mutual assent required to bind the parties.

To resist this conclusion, plaintiff describes the agreement as "preliminary" and notes that she never signed a formal release. But under federal law "a settlement is valid and enforceable even if it contemplates the parties signing a release at a later date unless the parties explicitly provide that a valid contract will not be formed until the parties execute a formal, finalized agreement." *In re DEEPWATER HORIZON*, 786 F.3d at 355. Accordingly, "[e]ven if one party ultimately fails to execute or sign the final[,] formal release documents, that does not void the original agreement or render it deficient from the outset." *Id.*

This principle is illustrated by the Third Circuit's decision in *Good v. The Pennsylvania Railroad Company.*  384 F.2d 989 (3d Cir. 1967).  In that case, after plaintiff's attorney consulted with his client, he telephoned acceptance of a settlement offer to defense counsel. *Id.* at 990. Later, "when

---

[14] R. Doc. 9-3.
[15] R. Doc. 9-4.

defendant transmitted the customary form of release, plaintiff refused to sign it and disavowed the settlement." *Id.* The case went to trial, resulting in a substantial verdict for the plaintiff. *Id.* The trial court nonetheless entered judgment N.O.V. on the ground that the settlement barred recovery. *Id.*

The Third Circuit upheld this decision, finding that the parties' oral settlement agreement "expressed the intention to settle the case for the agreed amount and was valid and binding despite the absence of any writing or formality." *Id.* That plaintiff sued under FELA did not alter the result because "[t]he obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one which pervades the law and applies to injured railroad employees as well as all other contracting parties." *Id.*; *see also Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948) ("[T]he releases of railroad employees stand on the same basis as the releases of others. One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.").

Finally, plaintiff argues that the jury should decide whether she entered into a binding settlement agreement. In support, she cites *Turner v. Burlington Northern Railroad Company*. 771 F.2d 341 (8th Cir. 1985). In

*Turner,* the plaintiff brought personal injury claims under FELA and defendant counterclaimed for specific performance of an alleged settlement agreement. *Id.* at 342. Plaintiff contested the settlement on the grounds that his attorney had settled his case without authorization. *Id.* at 345.

The Eighth Circuit held that the trial court did not err in granting a jury trial on defendant's counterclaim. *Id.* at 345. In doing so, the court rejected the defendant's argument that because its counterclaim "sought specific performance [of the settlement agreement], an equitable remedy, [the issue] was properly triable to the court and not to a jury." *Id.* at 343. *Turner* does not stand for the proposition that *all* disputes concerning FELA releases must be tried before a jury. Moreover, *Turner* involved a factual dispute over whether plaintiff gave his attorney authority to settle his claim. *See id.* at 345 ("Reasonable persons could differ as to whether Turner's statements and actions constituted an express authorization to his attorneys to accept Burlington Northern's settlement offer."). In this case, plaintiff unambiguously gave her consent to the settlement. Because the uncontroverted evidence before the Court demonstrates that the parties entered into a binding settlement agreement, defendant is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendant The Kansas City Southern Railway Company's motion to dismiss is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __3rd__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE